

ENTERED
02/12/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL DEWAYNE STONE; dba | § | CASE NO: 14-31692 |
| MICHAEL D. STONE GRASS FARMS | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 12 |

## MEMORANDUM OPINION

Michael Dewayne Stone filed a motion to modify his chapter 12 plan pursuant to 11 U.S.C. § 1229. Stone's modified chapter 12 plan proposes to extend his payments to certain creditors beyond five years from the time his first payments to those creditors were due under his original confirmed plan. Stone's motion to modify his chapter 12 plan is denied.

### Background

On March 27, 2014, Stone filed for chapter 12 bankruptcy. (ECF No. 1). Stone continued to operate his family farm post-petition as a debtor-in-possession. (ECF No. 149 at 4).

On August 22, 2014, Stone filed his first chapter 12 plan. (ECF No. 207). Stone subsequently filed a corrected and amended chapter 12 plan on September 12, 2014. (ECF No. 218). Creditors Farm Service Agency, CNH Industrial Capital America LLC, MLIC Asset Holdings LLC, Matagorda County, the Texas Comptroller of Public Accounts, and the Texas Workforce Commission each filed objections to Stone's amended plan. (ECF No. 223; ECF No. 225; ECF No. 226; ECF No. 227; ECF No. 229). In response to these objections, Stone filed a third amended chapter 12 plan. (ECF No. 240).

On October 1, 2014, the Court confirmed Stone's third amended chapter 12 plan as a consensual plan accepted by all of Stone's creditors and parties-in-interest. (ECF No. 242).

On October 19, 2017, Stone filed a motion to modify his confirmed chapter 12 plan. (ECF No. 323). Stone asserts that changes in his circumstances—the selling of all of his grass farms owned at the time of his bankruptcy petition and medical issues reducing his ability to work—require a modification of his chapter 12 plan in order to satisfy his remaining debt and creditors. (ECF No. 323 at 1–2). The proposed modified plan calls for Stone to personally make payments to certain secured and priority creditors after the plan terminates the chapter 12 Trustee's requirement to make payments to such creditors. (ECF No. 325 at 4–5). Most or all of such payments by Stone would be made during a period ending well after five years from the date that the first payments were due to these creditors under Stone's original confirmed plan. (ECF No. 240 at 5–7; ECF No. 325 at 4–5).

The Court held a hearing regarding Stone's motion to modify his chapter 12 plan on December 14, 2017. At the conclusion of the hearing, the Court ordered Stone to file a brief on whether the Bankruptcy Code allows the inclusion of Stone's proposed payment structure for secured and priority payments within a chapter 12 plan. The Court took this matter under advisement on January 12, 2018.

## Jurisdiction

The District Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## Analysis

11 U.S.C. § 1229(c) states:

> A plan modified under this section may not provide fort payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

At issue with Stone's motion to modify his chapter 12 plan is whether his proposed modified plan may terminate the chapter 12 Trustee's payments to creditors and replace them with payments made personally by Stone over a period ending over five years after the first payments to these creditors were due under Stone's original confirmed plan. In his post-hearing brief, Stone cites to *In re Hart*, 90 B.R. 150, 151 (Bankr. E.D.N.C. 1988), as support for his proposed modified plan. (ECF No. 333). In that case, the bankruptcy court confirmed the debtors' chapter 12 plan requiring the sale of 240 acres of their 670-acre dairy farm in order to obtain proceeds sufficient to satisfy a secured creditor's claims. *Id.* at 151–52. However, instead of consummating the sale of the 240 acres, the debtors sought a modification of their plan allowing them to retain the 240 acres while paying the secured creditor's claims in monthly installments over 30 years. *Id.* at 152. The secured creditor objected to the proposed modified plan on the basis that it violated 11 U.S.C. § 1229—the section governing modification of a chapter 12 plan after its confirmation—by providing for creditor payments over a period ending more than five years after the first such payments was due under the original confirmed plan. *Id.* at 152.

The bankruptcy court in *In re Hart* found the debtors' modified plan to be authorized by chapter 12 of the Bankruptcy Code. *Id.* at 154. Specifically, the bankruptcy court determined that § 1229(b)(1) makes § 1222(b) applicable to post-confirmation modifications of chapter 12 plans. *Id.* at 153. Section 1222(b)(9) permits payments of allowed secured claims over a period exceeding that permitted under § 1222(c)—three years, unless the court, for cause, allows a longer period not to exceed five years. *Id.* Although § 1229(c) prohibits any payments over a period expiring five years after the first payment was due under the original confirmed plan, the bankruptcy court determined that the incorporation of § 1222(b)(9) into § 1229, as well as the

nature of chapter 12 as an emergency regulation designed to provide family farmers the chance to keep their land by reorganizing their debts, allowed the debtors to pay the secured creditor over a period longer than five years after the first payment was due to it under the original confirmed plan regardless of any conflicting language within § 1229(c). *Id.* at 153–54. Accordingly, the bankruptcy court approved the debtors' chapter 12 plan modification. *Id.* at 155.

While it may be persuasive, *In re Hart* is not controlling in Stone's chapter 12 bankruptcy and ignores the unambiguous language of § 1229(c). Section 1229(b)(1) does incorporate § 1222(b)(9), which allows secured claims to be paid over a period exceeding the time limits within § 1222(c). However, the § 1229(b)(9) exception to the general five-year rule is explicit; it overrides § 1222(c) but not § 1229(c). A modified chapter 12 plan thus cannot provide for any payments to secured or priority claims to be made over "a period that expires after five years" after the first payments on those claims were due under the original confirmed plan. 11 U.S.C. § 1229(c).

The bankruptcy court in *In re Schnakenberg*, 195 B.R. 435, 436 (Bankr. D. Neb. 1996), supports the Court's interpretation of the clear language within §§ 1222 and 1229 and explicitly calls into doubt the ruling in *In re Hart*. In that case, the debtors reopened their chapter 12 case seeking a modification of their confirmed plan in order to sell property that cross-collateralized a creditor's extended secured claims. *Id.* at 436–37. The debtors' proposed modified plan called for payments of the creditor's claims over a period beginning almost nine years after the first payment on those claims became due under the original confirmed plan. *Id.* at 436. In support of its denial of the proposed modified plan, the bankruptcy court unequivocally rejected the findings in *In re Hart* as ignoring the plain language and statutory scheme of § 1229(c).

*Id.* at 439.  Instead, the bankruptcy court determined that § 1229(c) explicitly limits the modification of confirmed chapter 12 plans, regardless of any contrary language in § 1222.  *Id.*  Consequently, the bankruptcy court denied the debtors' proposed modified plan because it violated § 1229(c)'s explicit statutory limitation.  *Id.* at 440.

Based upon § 1229's unambiguous language, reinforced by the bankruptcy court's ruling in *In re Schnakenberg*, the Court denies Stone's motion to modify his chapter 12 plan.  Stone's proposed modification calls for payments to certain secured and priority creditors over a period expiring more than five years after the first payments were due to these creditors under Stone's original confirmed plan.  (ECF No. 240 at 5–7; ECF No. 325 at 4–5).  This proposed payment scheme violates § 1229(c)'s five-year maximum limitation on payments to creditors under a modified chapter 12 plan.  Accordingly, Stone's motion to modify his chapter 12 plan is denied.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **February 12, 2018.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE